Munoz v. Lynch

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
OSVALDO OMAR MUNOZ, aka JUAN MANUEL CAMPOS,
         <u>Petitioner</u>,

         -v.-                                    15-738

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
         <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR PETITIONER:**          Mitchell C. Zwaik, Ronkonkoma, NY.

**FOR RESPONDENT:**          D. Nicholas Harling (Benjamin C. Mizer, Anthony P. Nicastro, <u>on the brief</u>), Trial Attorney, Office of

Immigration Litigation, U.S. Department of Justice, Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition is **DENIED**.

Petitioner Osvaldo Omar Munoz, a native and citizen of Argentina, seeks review of a February 10, 2015 decision of the Board of Immigration Appeals ("BIA") affirming a September 18, 2012 decision of an Immigration Judge ("IJ") denying Munoz's application for cancellation of removal and ordering him removed to Argentina. In re Osvaldo Omar Munoz, No. A091 208 376 (B.I.A. Feb. 10, 2015), aff'g No. A091 208 376 (Immig. Ct. N.Y. City Sept. 18, 2012). The IJ concluded that Munoz's conviction for endangering the welfare of a child was not an aggravated felony, so that he was eligible for cancellation of removal, but the IJ denied cancellation of removal on the ground that endangerment of a child under New York law is categorically child abuse under 8 U.S.C. § 1227(a)(2)(E)(i). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's and BIA's opinions "for the sake of completeness." Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir. 2006). We review the IJ's factual findings for substantial evidence, and questions of law de novo. Yangin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

1. "[W]e require [p]etitioner to raise issues to the BIA in order to preserve them for judicial review." Foster v. INS, 376 F.3d 75, 78 (2d Cir. 2004) (internal quotation marks and emphasis omitted). Failure to do so "constitutes a clear jurisdictional bar." Id. at 77.

Munoz failed to preserve the issue of whether he was removable for a crime of child abuse under 8 U.S.C. § 1227(a)(2)(E)(i). Munoz's arguments before the IJ focused almost exclusively on whether he was convicted of an aggravated

2

felony, and only briefly mentioned the child abuse charge. His brief to the BIA challenged only the discretionary denial of cancellation of removal. And his notice of appeal stated only that the evidence of his sexual contact with a minor was insufficient to show that he committed "abuse of a child." The BIA deemed this brief reference to abuse of a child insufficient to challenge the IJ's conclusion that Munoz was removable, and we agree. Accordingly, Munoz's argument is unexhausted and we lack jurisdiction to consider it.[1]

**2.** We generally lack jurisdiction to review discretionary denial of cancellation of removal, but retain jurisdiction to review constitutional claims or questions of law related to such a denial. 8 U.S.C. § 1252(a)(2)(B)(i), (D). An error of law includes "seriously mischaracteriz[ing]" or "totally overlook[ing]" evidence in the record. Mendez v. Holder, 566 F.3d 316, 323 (2d Cir. 2009).

The IJ did not "seriously mischaracterize" or "totally overlook" the evidence in the record. Munoz's argument that the IJ and BIA committed error reduces to him arguing over how the IJ weighed the relevant factors to deny him cancellation of removal. We lack jurisdiction to review the IJ's balancing of the equities for such claims. Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 332 (2d Cir. 2006).

Accordingly, and finding no merit in Munoz's other arguments, we hereby **DENY** the petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] We do not suggest that this argument would have had merit had it been made.

3